**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| DOMINGA TEDFORD, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. |
| § | |
| JOHN E. POTTER, § | SA-09-CV-0563 XR |
| Postmaster General, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

TO:   Honorable Xavier Rodriguez
       United States District Judge

This report and recommendation addresses defendant Postmaster General John E. Potter's motion to dismiss and/or motion for summary judgment.[1] In the motion, Potter asked the district court to dismiss plaintiff Dominga Tedford's gender discrimination and retaliation claims. Potter also asked for summary judgment on Tedford's age discrimination and disability discrimination claims. I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After reviewing the parties' submissions[3] and the applicable law, I recommend granting the motion.

---

[1] Docket entry # 15.

[2] Docket entry # 8.

[3] Docket entry #s 15, 21, 22, 23 & 24.

**Tedford's gender discrimination and retaliation claims**. Tedford is an employee of the U.S. Postal Service; she works as a custodian. Tedford alleges that she was not hired as a part-time Flexible City Carrier ( a letter carrier) because of her gender and because she filed a prior charge of discrimination. Potter maintains these claims should be dismissed because Tedford failed to exhaust her administrative remedies.[4]

Because I relied on documentary evidence in considering Potter's argument, I conducted my analysis under Rule 56 of the Federal Rules of Civil Procedure.[5] Under Rule 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] "A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrates the absence of a genuine issue of material fact."[7] If the movant meets this burden, the burden shifts to the non-movant to show that a fact question exists that precludes summary judgment.[8]

Before filing a Title VII action in federal court, a government employee must exhaust her administrative remedies by filing a complaint of discrimination.[9] If a government employee fails

---

[4] Docket entry # 15, pp. 2-3.

[5] *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

[6] Fed. R. Civ. P. 56.

[7] *FDIC v. McCrary*, 977 F.2d 192, 194 (5th Cir. 1992).

[8] *See McCrary*, 977 F.2d at 194.

[9] *See* 42 U.S.C. 2000e-16(c); *Tolbert v. United States*, 916 F.2d 245, 247-8 (5th Cir. 1990).

2

to exhaust her administrative remedies, the district court lacks jurisdiction over the employee's claims.[10] No question exists that Tedford failed to exhaust her administrative remedies as to her gender discrimination and retaliation claims. Previously, I directed Tedford to submit a copy of her complaint of discrimination.[11] Tedford responded and submitted a copy of her complaint.[12] Tedford's complaint alleged discrimination based on age and disability, but not discrimination based on gender or retaliation. By failing to include gender discrimination and retaliation in her complaint, Tedford failed to exhaust her administrative remedies as to those claims. Tedford presented a vague argument about why these claims should not be dismissed,[13] but Tedford did not raise a fact question about whether she included gender discrimination or retaliation in her charge. Potter is entitled to dismissal of Tedford's gender discrimination and retaliation claims based on the failure to exhaust administrative remedies.

**Tedford's age discrimination claim**. Tedford also alleged that she was not hired as a letter carrier because of her age in violation of the Age Discrimination in Employment Act (ADEA).[14] Potter asked for summary judgment on this claim, in part, on grounds Tedford cannot prove pretext.[15]

To prove an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence

---

[10] *See Tolbert*, 916 F.2d at 247-8.

[11] Docket entry # 3 (directing Tedford to file a copy of her charge of discrimination).

[12] Docket entry # 4, exh. 1, p. 1 (charging discrimination on the basis of age and disability).

[13] *See* docket entry # 21, p. 1 & # 24, pp. 1-2.

[14] *See* docket entry # 10.

[15] *See* docket entry # 15, pp. 3-4 (asking for summary judgment because Tedford cannot make out a prima facie claim for age discrimination and because she cannot prove pretext).

3

(which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision."[16] When the plaintiff relies on circumstantial evidence, the burden-shifting framework of *McDonnell Douglas Corp. v. Green* applies.[17]

> [Under that framework,] [f]irst, the employee must raise a genuine issue of material fact as to each element of his prima facie case. Then, the employer must articulate a legitimate, nondiscriminatory reason for its employment decision. Finally, the employee must raise a genuine issue of material fact as to whether the employer's proffered reason was merely a pretext for age discrimination.[18]

Potter maintains that Tedford was not hired as a letter carrier because of a poor recommendation from Alfred Bonenberger.[19] Bonenberger was the station manager of the Arsenal Station when Tedford worked there as a custodian.[20] A poor recommendation from a station manager where Tedford once worked is a legitimate, nondiscriminatory reason for not hiring Tedford as a letter carrier. To support this reason for why Tedford was not hired as a letter carrier, Potter presented Bonenberger's evaluation form. On the form, Bonenberger indicated that he would rehire Tedford as a custodian, but he "would not hire her as a carrier because in [his] view she does not have the ability to perform as a carrier."[21] This evidence satisfied Potter's burden to articulate a legitimate, nondiscriminatory reason for not hiring Tedford as a letter carrier. Because Potter articulated a legitimate, nondiscriminatory reason, the burden shifted to Tedford to raise a fact

---

[16]*Gross v. FBL Fin. Servs.*, 129 S. Ct. 2343, 2351 (2009).

[17]*Sandstad v. CB Richard Ellis*, 309 F.3d 893, 896 (5th Cir. 2002).

[18]*Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001).

[19]Docket entry # 15, p. 6.

[20]*See* docket entry # 19, exh. 3, p. 6, ¶ 2 (responding that he was station manager at a time Tedford worked at the station as a custodian).

[21]Docket entry # 19, exh. 14, p. 1.

4

question about whether Potter's proffered reason is merely a pretext for age discrimination.

Tedford did not raise a fact question. Instead, Tedford stated that she appeared to be the oldest person in the room of interviewees[22] and suggested that her "age could have played a part in why [she] was denied the job."[23] She presented no other evidence. Tedford's observation and suggestion are insufficient to raise a fact question to preclude summary judgment because they provide no basis for a rational jury to find that Tedford's age was why she was not hired as a letter carrier.[24] Potter is entitled to summary judgment on Tedford's age discrimination claim.

**Tedford's disability discrimination case**. In addition to alleging gender discrimination, age discrimination and retaliation, Tedford also alleged that she was not hired as a letter carrier because of obesity in violation of the Americans with Disabilities Act (ADA).[25] Although Tedford sued under the ADA, the Rehabilitation Act of 1973 is the statute protecting federal employees from employment discrimination based on disability.[26] Potter asked for summary judgment on Tedford's disability discrimiation claim on grounds that no evidence exists that

---

[22] Docket entry # 21, p. 3 & # 24, p. 2. *See also* docket entry # 22, Pl.'s exh. 1, p. 1 (stating on pre-complaint counseling form that she was the oldest casual employee at the testing site). This docket entry is titled as "defendant's motion to file under seal," but it best construed as "plaintiff's exhibits supporting response to defendant's motion for summary judgment."

[23] Docket entry # 21, p.5.

[24] *James by James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) ("The standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record evidence before the court.").

[25] *See* docket entry # 10.

[26] *See Pinkerton v. Spellings*, 529 F.3d 513, 515 (5th Cir. 2008) ("[F]ederal employees may bring disability discrimination claims against the Government under either § 501 or § 504 of the Rehabilitation Act.").

Tedford is disabled.[27]

A plaintiff alleging disability discrimination must first show that (a) she has a disability; (b) she is qualified for the job; and (c) an adverse employment decision was made because of her disability.[28] Showing that she suffers from a disability is a threshold issue.[29] Unlike the ADA, the Rehabilitation Act uses the term handicapped," but that term mirrors the ADA's use of the term "disabled."[30] The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."[31] The regulations interpreting this definition provide that "substantially limits" means the following:

> (I) Unable to perform a major life activity that the average person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.[32]

"Major Life Activities means functions such as caring for oneself, performing manual tasks,

---

[27] See docket entry # 15, pp. 3-4 (asking for summary judgment because Tedford cannot make out a prima facie claim for age discrimination and because she cannot prove pretext).

[28] See Hamilton v. Sw. Bell Tel. Co., 136 F.3d 1047, 1050 (5th Cir. 1998).

[29] Id.

[30] Toyota Motor Mfg., Ky, v. Williams, 534 U.S. 184, 193-94 (2002) ("Congress drew the ADA's definition of disability almost verbatim from the definition of 'handicapped individual' in the Rehabilitation Act, § 706(8)(B), and Congress' repetition of a well-established term generally implies that Congress intended the term to be construed in accordance with pre-existing regulatory interpretations.").

[31] 42 U.S.C. § 12102(2)(A).

[32] 29 C.F.R. § 1630.2(j)(1).

6

walking, seeing, hearing, speaking, breathing, learning, and working."[33]

Potter supported his contention with Tedford's response to the EEOC's affidavit questions.[34] When asked to provide a detailed description of the medical condition on which she based her discrimination claim,[35] Tedford responded, "I weigh 215 pounds."[36] Tedford provided the following response when asked to describe in detail any work or personal activities that are affected by her medical condition and to what degree:[37]

> I am a bit slower at things tha[n] I used to be able to do with no problem. Caring for myself is an effort. Bending over and reaching around is difficult. Getting out of bed is a problem. I do not sit comfortably in booths because I barely fit. I have to be careful with what I order because I have trouble bending over my plate. I dread when I drop something on the floor because it's quite an effort to pick it up. I think my health would improve by being a carrier because of all the walking entailed. The walking 7 to 10 miles a day would help me lose weight and improve my life at home and at work.[38]

This evidence satisfies Potter's summary-judgment burden to identify the portion of Tedford's claim lacking a genuine issue of material fact because it does not reflect an inability to perform a major life activity or a significant restriction in performing a particular major life activity. At most, Tedford's responses to the affidavit questions show that Tedford's weight limits her bending and reaching movement—a limitation at odds with Tedford's claim that she can perform

---

[33] 29 C.F.R. § 1630.2(I).

[34] Docket entry # 19, exh. 1.

[35] *Id*. at p. 2, ques. 9.

[36] *Id*. at p. 6, item 9.

[37] *Id*. at p. 2, ques. 11.

[38] *Id*. at p. 6, item 11. *See also* docket entry # 24, p. 2 (stating that bending over is a chore and suggesting that getting a good night's sleep and tying her shoes is difficult).

7

the physical demands of a letter carrier.[39] Because Potter met the movant's summary-judgment burden, the burden shifted to Tedford to raise a fact question precluding summary judgment.

Tedford did not raise a fact question. Instead, Tedford explained that it was not her choice to be obese,[40] stated that no medical reason had been found to explain why she is obese,[41] and discussed surgical options for removing excess skin and fat.[42] Tedford also complained that Cynthia Betancourt was interviewed for the letter carrier job even though Betancourt had a poor performance record.[43] Tedford's explanations do not raise a fact question about whether she is disabled because her explanations do not address an inability to perform a major life activity or a significant restriction in performing a particular major life activity. Potter is entitled to summary judgment on this claim.

**Recommendation**. For the reasons discussed above, I recommend: (1) granting Potter's motion (docket entry # 15), (2) dismissing Tedford's gender discrimination and retaliation claims for failure to exhaust administrative remedies, and (3) entering summary judgment on Tedford's age discrimination and disability discrimination claims.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the

---

[39] Docket entry # 22, Pl.'s exh. 14, p. 1 (indicating that a letter carrier must be able to bend/stoop and reach above the shoulder for 2 or more hours per day)

[40] Docket entry # 24, p. 2.

[41] Docket entry # 21, p.2.

[42] Docket entry # 24, p. 2-3.

[43] Docket entry # 21, p. 3 & # 24, p. 2.

8

clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[44] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[45] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[46]

**SIGNED** on January 7, 2010.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[44] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[45] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[46] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).