**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DOMINGA TEDFORD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-563-XR |
| | § | |
| JOHN E. POTTER, Postmaster General, | § | |
| United States Postal Service, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ON MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

On this day, the Court considered the Report and Recommendation of the Magistrate Judge in the above numbered and styled cause (Docket Entry No. 14). The Court referred all pretrial matters in this case to the Magistrate Judge for initial consideration and for a ruling pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule CV-72 of the Local Rules of the Western District of Texas. The Magistrate Judge then recommended that the Court grant Defendant's motion to dismiss and/or motion for summary judgment, dismiss Plaintiff's gender discrimination and retaliation claims for failure to exhaust administrative remedies, and enter summary judgment on her claims for age discrimination and disability discrimination. Having considered the report and Plaintiff's objections the Court ACCEPTS the Magistrate Judge's report and recommendation. The acceptance of the Magistrate Judge's report and recommendation renders Plaintiff's motion for mediation/alternative dispute resolution moot (Docket Entry No. 29), and it is therefore DISMISSED.

### Background

Plaintiff Dominga Tedford applied for the position of Part-Time Flexible City Letter Carrier

and interviewed for the position on June 10, 2004. At the time she was interviewed for the position, she was working for the Postal Service as a Casual Custodian. Flexible Letter Carriers must carry thirty-five (35) to seventy (70) pounds of packages and mail to fulfill their duties. She was not selected for the position.

Tedford states that a station manager questioned whether she could carry a seventy pound bag up and down hills and claims that he "looked up and down at her referring to her weight . . . ." (Compl. ¶ 8a.) She also states that she received a bad evaluation on her performance. (*Id.*)

Tedford filed a complaint of discrimination on August 25, 2005. The complaint reads:

> Dominga Tedford applied for but was not selected for a carrier position as a Part time Flexible City Letter Carrier with the U.S. Postal Service in San Antonio, Texas. This constituted discrimination against her on the basis of her age (50) and her physical disability. . . . Ms. Tedford has identified individuals younger than age 40 who were selected for the position of Part-time Flexible City Letter Carrier and also certain individuals who had failed the same examination but were provided with the position Ms. Tedford had applied for.

The Administrative Judge issued her opinion on Tedford's claims of discrimination based on age and disability.

Tedford filed suit in federal court asserting claims of age discrimination, discrimination based on disability, gender discrimination, and retaliation. She seeks $300,000 in compensatory damages for alleged mental and emotional suffering, a full-time regular carrier position, back pay to June 10, 2004, including all benefits, raises, promotions, sick leave, and vacation, and attorney's fees.

### Procedural History

On August 14, 2009, the Court referred this cause to the United States Magistrate Judge pursuant to Rule CV-72 of the Local Rules of the Western District of Texas and 28 U.S.C. § 636(b) for disposition of all pretrial matters. Potter filed a motion to dismiss and/or for summary judgment

(Mot. to Dismiss &/or Summ. J. (Nov. 8, 2009) [Docket Entry No. 15].) to which the Magistrate Judge ordered Tedford to respond (Resp. to Mot. to Dismiss &/or Summ. J. (Nov. 16, 2009) [Docket Entry No. 21]). On January 7, 2010, the Magistrate Judge issued a report and recommendation to grant Potter's motion to dismiss Tedford's gender discrimination and retaliation claims and to enter summary judgment on Tedford's age discrimination and disability discrimination claims. (Report & Recommendation (Jan. 7, 2010) [Docket Entry No. 25].) Tedford filed her objections within fourteen days. (Objections to Report & Recommendation (Jan. 11, 2010) [Docket Entry No. 28].)

## Legal Standard

In reviewing the Magistrate Judge's report and recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989). A party may serve and file objections to the order within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996).

## Analysis

Tedford provides a general objection to the Magistrate Judge's report and recommendation

stating that the facts she presented were not taken into account. (Objection at 2.) However, a cursory review of the report demonstrates that the Magistrate Judge reviewed the facts of the case and available evidence presented by Tedford and Potter.

Tedford specifically challenges the Magistrate Judge's report as it pertains to the exhaustion of administrative remedies. (*Id.*) Tedford outlines all the steps in the administrative process that she followed prior to filing her suit in federal court. (*Id.*) The Magistrate Judge's report notes that Tedford failed to exhaust her administrative remedies as they pertain to her claims for *gender discrimination* and *retaliation*. (Report & Recommendation at 2–3.) Before filing a Title VII suit in federal court, a government employee must exhaust her administrative remedies by filing a complaint of discrimination. 42 U.S.C. 2000e-16(c); *Tolbert v. United States*, 916 F.2d 245, 247–48 (5th Cir. 1990). Here, a review of the administrative record shows that Tedford filed a complaint for *age discrimination* and *disability discrimination* and not for *gender discrimination* and *retaliation*. Tedford has exhausted her administrative remedies for her claims of age discrimination and disability discrimination. She has not exhausted her administrative remedies for claims of gender discrimination and retaliation because they are not part of the administrative record. Consequently, Tedford is unable to pursue her claims for gender discrimination and retaliation.

Tedford provides a general objection to the Magistrate Judge's report and recommendation that the Court enter summary judgment on Tedford's claim for age discrimination. Tedford claims that it appeared that she was the oldest woman applying for the job. (Objection at 1–2.) The Magistrate Judge utilized the correct standard to assess a claim for age discrimination. (Report & Recommendation at 4.) The Magistrate Judge found that the Postal Service provided a legitimate, nondiscriminatory reason for declining to hire Tedford as a letter carrier, which required Tedford to

present a material question of fact that the proffered reason is merely a pretext for age discrimination. (*Id.* at 4–5.) Tedford states that she appeared to be the oldest interviewee, but that does not provide enough for a rational jury to find that Tedford's age was the reason why she was not hired as a letter carrier. As a result, she is unable to establish a claim for age discrimination.

Tedford objects to the Magistrate Judge's recommendation that the Court grant summary judgment for Potter on Tedford's claims for disability discrimination. (Objection at 3–4.) Tedford states that she is overweight and that a postal service employee looked at her in an offensive manner regarding her ability to carry forty pounds. (*Id.*) The Magistrate Judge's report correctly notes that Tedford's claims do not reflect an inability to perform a major life activity or a significant restricting in performing a major life activity, which would constitute a disability. As a result, Potter is entitled to summary judgment on this claim.

## Conclusion

The report is neither contrary to law nor clearly erroneous, and the Court reaches the same conclusions on the portions of the report to which Tedford has specifically objected. Having reviewed the Report and Recommendation of the Magistrate Judge, Tedford's objections, the record, and available evidence, the Court will ACCEPT the Magistrate Judge's recommendation. Accordingly, the Court GRANTS Potter's motion, dismisses Tedford's gender discrimination and retaliation claims for failure to exhaust administrative remedies, and enters summary judgment on Tedford's age discrimination and disability claims. The Clerk is directed to close this case. This issue being closed, Plaintiff's motion for mediation/alternative dispute resolution is DISMISSED as moot.

It is so ORDERED.

SIGNED this 14th day of January, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE